1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2
   EUMI L. CHOI (WVSBN 0722)
3  Acting Chief, Criminal Division

4  TRACIE L. BROWN (CSBN 184339)
   Assistant United States Attorney
5
       450 Golden Gate Ave.
6      San Francisco, California  94102
       Telephone:  (415) 436-6917
7      Facsimile:   (415) 436-7234

8  Attorneys for Plaintiff

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN FRANCISCO DIVISION
12

13 UNITED STATES OF AMERICA,          )   No.: CR 05-566 MMC
                                      )
14              Plaintiff,            )   [PROPOSED]
                                      )   ORDER OF DETENTION
15      v.                            )   PENDING TRIAL
                                      )
16 HAROLD SIPAI,                      )
                                      )
17              Defendant.            )
                                      )
18 _____)

19     This matter came before the Court on September 12, 2005 for a detention hearing.  The

20 Defendant, Harold Sipai, was present and represented by Chief Assistant Federal Public

21 Defender Geoffrey D. Hansen.  Assistant United States Attorney Tracie L. Brown appeared for

22 the United States of America.

23     Pretrial Services submitted a report to the Court and the parties that recommended

24 detention, and a representative of Pretrial Services was present at the hearing.  The Government

25 requested detention, and the Defendant opposed.  Proffers and arguments regarding detention

26 were submitted by the parties at the hearing.

[PROPOSED] DETENTION ORDER: SIPAI
CR 05-566 MMC

Upon consideration of the facts, proffers and arguments presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required, given his history that shows several bench warrants and at least eight violations of parole. The Court also finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, in light of the Defendant's criminal history that includes violent and firearms-related offenses, as well as the aforementioned parole revocations. Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted. These factors are:

    (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

    (2)  the weight of the evidence against the person (§ 3142(g)(2));

    (3)  the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of, *e.g.*, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), which carries a maximum penalty of 40 years imprisonment. This is therefore a case in which there is a rebuttable presumption in favor of detention. *See* 18 U.S.C. § 3142(e).

The second factor, the weight of the evidence, is considered the least important. The Bail

Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). The Court notes that the instant offense occurred while the Defendant was on release pending trial on other, similar state charges. Although the government made a proffer as to the weight of the evidence, the Court finds that even absent the proffered facts relating to the charged offenses, Defendant should be detained.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Pretrial Services Report confirms that the Defendant's employment status is not stable, and that he has an extensive criminal history, which includes felony convictions for drug-related offenses, firearms-related offenses and violent crimes. In addition, as noted above, the Defendant has suffered at least eight parole revocations due to his continued arrests.

Accordingly, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, and finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: September 15, 2005

THE HON. JOSEPH C. SPERO
United States Magistrate Judge

DETENTION ORDER: SIPAI
CR 05-566 MMC                                    4